**Entered on Docket
March 30, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: March 29, 2006**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No: 04-30875 TEC |
| | ) |
| SHALINI POONAM BHUTANI, | ) |
| | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| PAL S. BANGA, | ) Adv. Proc. No. 04-03161 TC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM RE PLAINTIFF'S** |
| | ) **MOTION TO AMEND JUDGMENT** |
| SHALINI POONAM BHUTANI, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

The court held a trial in this action, in which it determined that Defendant converted Plaintiff's funds, and that Defendant has a debt to Plaintiff in the amount of $25,579.24 that is non-dischargeable under 11 U.S.C. § 523(a)(6). Plaintiff now moves to amend that judgment to increase the damages awarded and to recover attorneys fees. For the reasons set forth below, I determine that the motion should be denied.

MEMORANDUM RE PLAINTIFF'S
MOTION TO AMEND JUDGMENT        -1-

1    At the outset, I note that the motion is not timely as a
2  motion to amend judgment under Rule 9023.  The judgment was entered
3  on February 14, 2006, and the 10-day period for filing a motion
4  under Rule 9023 expired on Friday, February 24, 2006.  The motion
5  was not filed until February 27, 2006.  The motion must therefore
6  be evaluated under the standards governing a motion for relief from
7  judgment under Rule 9024.

8       Plaintiff first asserts that the court made a clerical error
9  in computing damages.  Specifically, in determining the amount that
10 Defendant converted, the court should not have deducted both the
11 $14,980 design fee and the amounts Defendant forwarded to
12 suppliers.  Plaintiff asserts that this was error because the
13 design contract required Defendant to pay suppliers from her
14 $14,980 fee.  The court did not make a calculation error.  Rather,
15 the count found that the relevant language in the design contract
16 required Defendant to select, but not pay for, materials.  Thus,
17 Defendant was entitled to retain the design fee after paying the
18 suppliers from other funds Plaintiff advanced.

19      Plaintiff next asserts that the court should have included in
20 the damages awarded $2,750 in attorneys fees incurred prepetition
21 in removing a mechanics lien.  If the court made any error, it was
22 not of the nature that is the basis for relief under Rule 60.
23 While Plaintiff introduced evidence regarding the expense in
24 question, neither his trial brief nor his closing statement
25 contained any calculation of damages identifying this expense as
26 within the damages proximately caused by Defendant's conversion of
27 funds.

28       Plaintiff asserts finally that the court erred in determining

**MEMORANDUM RE PLAINTIFF'S**
**MOTION TO AMEND JUDGMENT**          -2-

1 that Plaintiff is not entitled to recover attorneys fees incurred

2 in the present action.  Plaintiff argues that he had no opportunity

3 to address the issue.  He did not address the question at trial,

4 because fees are generally sought by post-trial motion.  With

5 respect to the merits of the question, he argues that he is

6 entitled to recover fees for the present action under the fee

7 clause in the design contract.  This argument is unpersuasive.  The

8 controlling dispute in this action is not whether Defendant

9 breached the design contract, but whether Defendant converted

10 Plaintiff's funds.  Defendant would not have contested any

11 breach-of-contract claim Plaintiff filed in the chapter 7 case.

12 Plaintiff contested only the dischargeability of her debt to

13 Plaintiff.  The contractual fee clause, which only covers an action

14 "to enforce this contract," does not apply to the present action,

15 which is in substance a federal-law tort action, even though the

16 present action grows out of a contractual relationship between

17 Plaintiff and Defendant.  <u>Grove v. Fulwiler (In re Fulwiler)</u>, 624

18 F.2d 908, 910 (9th Cir.1980); <u>Fobian v. Western Farm Credit Bank</u>

19 <u>(in re Fobian)</u>, 951 F.2d 1149, 1153 (9th Cir.1991); <u>see also</u> <u>Stout</u>

20 <u>v. Turney</u>, 22 Cal.3d 718, 730)(1978)(tort action for damages

21 arising out of a contract is not an action on a contract).

22                         **\*\*END OF MEMORANDUM\*\***

23

24

25

26

27

28

**MEMORANDUM RE PLAINTIFF'S**
**MOTION TO AMEND JUDGMENT**          -3-

1

2                        **Court Service List**

3  John M. Daley, Esq.
   Law Offices of John M. Daley
4  28 East 3rd Avenue, Suite 200
   San Mateo, CA 94401
5
   Alexander J. Berline, Esq.
6  Hanson, Bridgett, Marcus,
    Vlahos & Rudy
7  333 Market Street, Suite 2100
   San Francisco, CA 94105-2173
8
   Office of the U.S. Trustee
9  235 Pine Street
   Suite 700
10 San Francisco, CA 94104

11 E. Lynn Schoenmann
   800 Powell Street
12 San Francisco, CA 94108

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28